**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5035**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MICHAEL WARREN JOHNSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00013-MR-11)

Submitted: June 29, 2010          Decided: July 16, 2010

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Warren Johnson appeals his conviction and 168 month sentence for one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846, 851 (2006). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court properly calculated and imposed Johnson's sentence and whether Johnson received ineffective assistance of counsel. Although Johnson was notified of his right to file a pro se supplemental brief, he has not done so. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory guideline range. See Gall, 552 U.S. at 49, 51. We then consider whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. See id. at 49-50, 51.

2

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). When reviewing the district court's application of the sentencing guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We afford a sentence within the properly calculated guideline range a presumption of reasonableness. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006); see Rita v. United States, 551 U.S. 338, 341, 347 (2007).

On the Government's motion, Johnson actually received a sentence well below his guideline term of 240 months' imprisonment (the statutory mandatory minimum). Counsel has identified no error in this sentence, either procedural or substantive, and we concur.

Finally, the claim that counsel may have rendered ineffective assistance is more appropriately considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's alleged deficiencies conclusively appear on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because we find

no conclusive evidence on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

As required by Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4